IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC. | ) ) ) NO. 3-11-0795 |
| v. | ) JUDGE CAMPBELL ) |
| HALO WIRELESS, INC. | ) |

MEMORANDUM

Pending before the Court are Defendant's Motion to Transfer (Docket No. 6) and Plaintiff's Motion for Entry of an Order Remanding Proceeding to Tennessee Regulatory Authority (Docket No. 15). For the reasons stated herein, Defendant's Motion to Transfer is DENIED, and Plaintiff's Motion to Remand is GRANTED.

FACTS

This action was originally filed by Plaintiff before the Tennessee Regulatory Authority ("TRA"), alleging that Defendant materially breached its wireless interconnection agreement ("ICA") with Plaintiff. Plaintiff sought to terminate the ICA, based upon Defendant's breaches, and to recover certain monies allegedly owed by Defendant to Plaintiff. Docket No. 1-1. Plaintiff's Complaint alleges causes of action for breach of contract only. *Id.*

Following the filing of Plaintiff's Complaint in the TRA, Defendant filed a Suggestion of Bankruptcy, indicating that Defendant had filed a voluntary petition for relief under the federal Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Texas ("the Bankruptcy Court") and asserting that the automatic stay (11 U.S.C. § 362) prohibited any further action against Defendant in the instant proceeding. Docket No. 1-2.

Thereafter, Defendant removed the TRA action here, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452. Docket No. 1. Defendant then filed an adversary proceeding in the Bankruptcy Court, naming Plaintiff as one of several defendants in that adversary proceeding. Docket No. 6-1, ¶ 5. Defendant has asked the Bankruptcy Court in the adversary proceeding for declaratory judgment as to all federal issues raised in various state commission proceedings filed against it, including this action. *Id.*

Defendant then moved to transfer this action to the Bankruptcy Court. Docket No. 6. Plaintiff opposes Defendant's Motion to Transfer and asks the Court to remand this action to the TRA for further administrative proceedings. Docket No. 15.

Recently the Bankruptcy Court held that the various state commission proceedings involving the Debtor (Defendant) are excepted from the Bankruptcy Code's automatic stay, pursuant to 11 U.S.C. § 362(b)(4),[1] so that the commissions can determine whether they have jurisdiction and, if so, whether there is a violation of state law. Docket No. 21-1. The Bankruptcy Court held that the automatic stay does apply to prevent parties from bringing or continuing actions for money judgments or efforts to liquidate the amount of the complainants' claims. *Id.*[2]

Defendant has appealed this ruling of the Bankruptcy Court and has moved to stay the actions pending appeal. Docket No. 24. Defendant has represented that it intends to request certification of this issue to the Fifth Circuit Court of Appeals. *Id.*

---

[1] 11 U.S.C. § 362(b)(4) provides that a bankruptcy petition does not stay the commencement or continuation of an action or proceeding by a governmental unit.

[2] The Bankruptcy Court did not rule that this action in this Court may proceed, yet neither party is arguing that the automatic stay should apply herein.

MOTION TO REMAND

This action is not an appeal from a state commission decision; rather, this action was removed prior to a determination by the TRA. The Court will address the Motion to Remand first, since granting the Motion to Remand would make the Motion to Transfer moot. Plaintiff argues that Defendant improperly removed this action to this Court.

Federal law provides that a party may remove any claim or cause of action in a civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under the Bankruptcy Code. 28 U.S.C. § 1452(a).[3] The Bankruptcy Code provides that the district courts have original but not exclusive jurisdiction of all civil proceedings arising in or related to bankruptcy cases. 28 U.S.C. § 1334(b).

Plaintiff argues that a claim for interpretation or enforcement of an IRA must be brought in the first instance in the state commission that approved the IRA in question. Docket No. 15. Plaintiff argues that the jurisdiction of this Court is limited to determining rights under ICAs after final ruling from the state commission. *Id*. Defendant, on the other hand, contends that this action was properly removed under Section 1452(a) because the TRA proceeding is a "civil action"[4] and that the TRA does not have jurisdiction because the claims implicate federal questions. Defendant also asserts that

---

[3] Section 1452 also provides that the Court to which such claim or causes of action is removed may remand such claim or cause of action on any equitable ground. 28 U.S.C. § 1452 (b).

[4] In the case of *In re T.S.P. Co., Inc.*, 2011 WL 1431473 (Bankr. E.D. Ky. April 14, 2011), the court held that the debtor could not remove the action under 28 U.S.C. § 1452, finding that administrative proceedings are not "civil actions" and are therefore not removable. *Id*.

the claims for relief fall within the Federal Communications Commission ("FCC") exclusive original jurisdiction. Docket No. 1.[5]

The Telecommunications Act of 1996 ("the Act") requires that all ICAs be approved by a state regulatory commission before they become effective. State commissions such as the TRA have authority to approve and disapprove interconnection agreements, such as the one at issue herein. 47 U.S.C. § 252(e)(1). That authority includes the authority to interpret and enforce the provisions of agreements that the state commissions have approved. *Southwestern Bell Telephone Co. v. Public Utility Comm'n of Texas*, 208 F.3d 475, 479 (5th Cir. 2000); *Millennium One Communications, Inc. v. Public Utility Comm'n of Texas,* 361 F.Supp.2d 634, 636 (W.D. Tex. 2005).[6] Federal district courts have jurisdiction to review interpretation and enforcement decisions of the state commissions. *Id*.; *Southwestern Bell* at p. 480; 47 U.S.C. § 252(e)(6). Here, as noted above, there is no state commission determination to review.

In *Central Telephone Co. of Virginia v. Sprint Communications Co. of Virginia*, *Inc.*, 759 F.Supp.2d 772 (E.D. Va. 2011), the court held that federal district courts have federal question jurisdiction to interpret and enforce an ICA, pursuant to 28 U.S.C. § 1331.[7] *Id. at 778; see also*

---

[5] Despite this assertion, Defendant asks the Court to transfer the action to the U.S. Bankruptcy Court for the Eastern District of Texas.

[6] "We believe that the FCC plainly expects state commissions to decide intermediation and enforcement disputes that arise after the approval procedures are complete." *Southwestern Bell*, 208 F.3d at 480. Most circuits have held that state commissions have the authority to interpret and enforce ICAs. *See Global NAPS, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 84, n.12 (1st Cir. 2010) and cases cited therein.

[7] Citing the Fourth Circuit Court of Appeals in *Verizon Maryland Inc. v. Global NAPS, Inc.*, 377 F.3d 355 (4th Cir. 2004), the *Central Telephone* court held that an ICA is a creation of federal law because it is a tool through which the Telecommunications Act is implemented and enforced. *Central Telephone*, 759 F.Supp.2d at 777.

4

*Bellsouth Telecommunications, Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1278-79 (11th Cir. 2003) (federal courts have jurisdiction under Section 1331 to hear challenges to state commission orders interpreting ICAs because they arise under federal law) and *Michigan Bell Telephone Co. v. MCI Metro Access Transmission Servs., Inc.*, 323 F.3d 348, 353 (6th Cir. 2003) (federal courts have jurisdiction to review state commission orders for compliance with federal law). Although these cases involved state commission orders, their holdings provide guidance on this issue.

Based on the reasoning in the above-cited cases, the Court finds that it has subject matter jurisdiction to hear this matter, pursuant to 28 U.S.C. § 1331 because the ICAs arise under federal law. As stated in *Verizon Maryland*, ICAs are federally mandated agreements and to the extent the ICA imposes a duty consistent with the Act, that duty is a federal requirement. *Verizon Maryland, Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 364 (4th Cir. 2004).

The fact that this Court has jurisdiction does not end the matter, however. The fact that the Court *could* hear this action does not necessarily mean the Court *should* hear this action.[8] Although the Act details how parties, states and federal courts can draft and approve ICAs, it is silent on how and in what fora parties can enforce ICAs. *Global NAPS, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 83 (1st Cir. 2010). Because the Act does not specifically mandate exhaustion of state action, whether to construe the Act as prescribing an exhaustion requirement is a matter for the Court's discretionary judgment. *Ohio Bell Tel. Co., Inc. v. Global NAPS Ohio, Inc.*, 540 F.Supp.2d 914, 919 (S.D. Ohio 2008).

---

[8] In *Southwestern Bell*, cited above, the court held that state commissions *could* hear disputes such as this one but did not reach the issue of whether state commissions were the exclusive jurisdiction for such cases. *Southwestern Bell*, 208 F.3d at 479-480.

The Third Circuit Court of Appeals has held that interpretation and enforcement actions that arise after a state commission has approved an ICA must be litigated in the first instance before the relevant state commission. *Core Communications, Inc. v. Verizon Pennsylvania, Inc.*, 493 F.3d 333, 344 (3d Cir. 2007). A party may then proceed to federal court to seek review of the commission's decision. *Id*. Citing *Core*, a district court in Ohio has also held that a complainant is required to first litigate its breach-of-ICA claims before the state commission in order to seek review in the district court. *Ohio Bell*, 540 F.Supp.2d at 919-920 (citing cases from numerous district courts).

On the other hand, in *Central Telephone*, the court held that a party to an ICA is not required to exhaust administrative remedies by bringing claims for breach of an ICA first to a state commission. *Central Telephone,* 759 F.Supp. 2d at 778 and 786.[9]

The Court agrees with the reasoning of the *Core* and *Ohio Bell* opinions. The Act provides for judicial review of a "determination" by the state commission. Until such determination is made, the Court cannot exercise this judicial review. *See Ohio Bell*, 540 F.Supp.2d at 919. As the *Core* court stated: "a state commission's authority to approve or reject an interconnection agreement would itself be undermined if it lacked authority to determine in the first instance the meaning of an agreement that it has approved." *Core*, 493 F.3d at 343 (citing *BellSouth Telecommunications,* 317 F.3d at 1278, n.9).

For all these reasons, Plaintiff's Motion for Entry of an Order Remanding Proceeding to Tennessee Regulatory Authority is GRANTED, and this case is remanded to the TRA. The Bankruptcy Court has held that the TRA action may proceed except to the extent the parties attempt

---

[9] The *Central Telephone* court, characterizing the *Core* court's reasoning as "flawed," criticizes *Core* and those cases which follow its reasoning, arguing that the *Core* opinion went too far. *Central Telephone*, 759 F.3d at 783-84.

to obtain and/or enforce a money judgment. There is no indication in the record that the Bankruptcy Court wants this case (or others like it) to be transferred to it.

The parties' other arguments and Defendant's Motion to Transfer are moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE